62294, 62295. NOVATEX SALES, INC. et al. v. PRINCE; and vice versa.

QUILLIAN, Chief Judge.

On or about March 13, 1979, plaintiff David R. Prince met with James C. Barbre, President of NTS, Inc. (later changed to NOVATEX Sales, Inc.) and purchased 4,000 shares of common stock in NTS at par value of one dollar per share, and two subordinated debentures of NTS with a face value of $15,000 each — for a total amount of $34,000.00. These securities were not registered under the Georgia Securities Act of 1973, as amended (Code Ann. § 97-101, et seq.; Ga. L. 1973, pp. 1202, et seq.). Defendant claims this was an exempt transaction under Code Ann. § 97-109 (m) (Ga. L. 1973, pp.

1202, 1241; as amended through 1975, pp. 928, 955, 956, 961).

A stock certificate, representing the 4,000 shares of common stock, was delivered to Prince and had stamped across it:

"These securities were acquired for investment and were not registered under the Georgia Securities Act of 1978 . . . in reliance on the exemption contained in Section 9 (m) of the Georgia Act . . . and they must not be resold or transferred except in compliance with the Georgia Act and/or the Federal Act."

Neither of the subordinated debentures issued by NTS to Prince was stamped with this or similar language, nor did the body of the instrument contain any restrictive language indicating they were not registered securities.

A "letter of investment" was mailed to Prince by NTS for his signature and return to NTS. This letter is not found in the record but defendant Kocher stated it contained language "stating plaintiff was purchasing the investment units for his own investment purposes . . ." This purported language was in compliance with the provisions of Code Ann. § 97-109 (m) (4) that "such securities have been purchased for investment for [the purchaser's] own account." Plaintiff does not deny that he received such letter — only that he did not sign or return it to NTS. Plaintiff kept the stock certificate and the debentures for more than one year following full payment for them. Thereafter, plaintiff informed defendants he did not receive timely or correct payment of interest on the debentures and desired to cancel the transaction and the return of his money — $34,000. When restitution was not received this action followed.

All parties stipulated "there were no material issues of fact . . . [and] the only question of law was whether or not the sale of securities by NTS, INC. to Plaintiff was an exempt transaction pursuant to the Georgia Securities Act, Ga. Code Ann. § 97-109 (m) . . ."

All parties moved for summary judgment. The trial court found for the plaintiff as to the two subordinated debentures and for the defendants as to the stock certificate. Judgment was rendered for plaintiff for $30,000 and the issue as to interest, attorney's fees and costs were reserved. Both sides appeal. *Held:*

1. All parties agree on one point. The issues raised in the appeal and cross-appeal are questions of first impression. There are no Georgia decisions on either point.

The debentures were prima facie "securities" and subject to the Georgia Securities Act — Code Ann. § 97-101, et seq. Code Ann. § 97-102 (a) (16) (Ga. L. 1973, pp. 1202, 1203; as amended through 1975, pp. 928, 930, 932); see also *Dunwoody Country Club v. Fortson*, 243 Ga. 236, 237 (253 SE2d 700). Code Ann. § 97-105 (Ga. L. 1973, pp. 1202, 1221; 1974, pp. 284, 297, 299, 300) provides in part: "It shall be

unlawful for any person to offer for sale or to sell any securities to any person in this State unless (i) they are subject to an effective registration statement under this Chapter, or (ii) the security or transaction is exempt under section 97-108 or section 97-109, respectively . . ."

The defendants contend this was an exempt transaction under the provisions of Code Ann. § 97-109 (m), and all parties stipulated that conditions (1) and (2) of the four subsections had been met. At issue in this Division is whether subsection (3) had been satisfied — which required: "any certificate or certificates representing such securities [to be] marked for a period of one year from the date of such issuance or sale to indicate clearly that they were issued or sold in reliance on this exemption and that they cannot be sold or transferred except in a transaction which is exempt under this Chapter or pursuant to an effective registration statement under this Chapter . . ." The stock certificate had been properly marked with this notice but neither debenture included this notation. Defendants contend since this was "one transaction" and the requisite notice was on one of the documents, this satisfies subsection (3) of Code Ann. § 97-109 (m). We do not agree.

"The Georgia Securities Act is remedial in nature, intended for the protection of investors, and is to be broadly and liberally construed to effectuate its aim. Conversely, its exceptions must be narrowly viewed." Blau v. Redmond, 143 Ga. App. 897, 900-901 (240 SE2d 273). "Like its predecessor, the 1973 Act is a disclosure statute. With few exceptions neither Act prevents the sale of securities whose quality or characteristics do not measure up to standards set forth in the Act or regulations; instead, both Acts rely on the disclosure of material information regarding the securities to be sold to protect the public." Trotter and Poe, A Survey of the Georgia Securities Act of 1973, 10 Ga. BJ 219, 220. Hence, as the Act is intended for the protection of investors and is designed to disclose relevant and material facts to the investor — any exception to a disclosure requirement is to be narrowly construed. See Capital Funds, Inc. v. Securities & Exchange Comm., 348 F2d 582, 586 (8th Cir. 1965). The statute requires the notice of the exempt transaction "marked for a period of one year" on "any certificate or certificates" and because this section creates an exemption from the registration requirement of the Act it will be strictly construed against anyone claiming the application of its provisions. Securities & Exchange Comm. v. M. A. Lundy Associates, 362 FSupp. 226 (DC R. I. 1973).

Here only the stock certificate was marked with the required notice of subsection (3). If the debenture had been sold or transferred to an innocent purchaser, the new owner would not have been placed

on notice that the security was not subject to the Act. Suffice it to say, the statute requires the notice to be on "any certificate or *certificates.*" (Emphasis supplied). The literal meaning of inclusion of the singular and the plural is that the notice must be on "any certificate" and *all* "certificates" representing securities. The burden of proving exemption from stock registration requirements under the Securities Act is on the party seeking its protection from liability — the seller of unregistered securities. Pharo v. Smith, 621 F2d 656 (4) (5th Cir. 1980). The defendant failed to carry the burden of showing exception from the notice requirement. The trial court did not err in granting summary judgment to plaintiff on the two debentures.

2. The remaining issue is whether subsection (4) of Code Ann. § 97-109 (m) was satisfied. It requires: "each purchaser in this State [to] execute[s] a statement to the effect that such securities have been purchased for investment for his own account." Three factors assure us the trial court's decision should be affirmed. One — the seller sent the requisite letter to the purchaser. Two — the statute places the burden on "each purchaser" to execute the statement. Third — the statute also provides: "Any person who holds such securities for a period of one year from the date such securities have been fully paid for by such person shall be presumed to have purchased such securities for investment." The plaintiff held the securities more than one year from the date they had been fully paid. Further, the seller had accomplished his part by forwarding the letter to the purchaser, and we will not permit the purchaser to claim the seller failed to comply with the act because of the voluntary act of the purchaser in refusing to carry out his end of the statutory requirement. Lastly, the statute anticipated this problem of a failure of the purchaser to sign or return the statement that purchase was for his own account by providing for the same result as filing by the purchaser retaining the securities for one year. The trial court did not err in granting summary judgment to the defendants as to the 4,000 shares of stock.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*F. Gregory Melton, R. Leslie Waycaster, Jr.,* for appellants.
*R. Scott Cunningham,* for appellee.